# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

RICHARD I. PORCH, III,      )
                                  )
      Plaintiff,         )
                                  )
VS.                         )       No. 19-1004-JDT-cgc
                                  )
QUALITY CORRECTIONAL HEALTH  )
CARE, ET AL.,               )
                                  )
      Defendants.      )

---

## ORDER DIRECTING ENTRY OF JUDGMENT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On August 22, 2019, the Court issued an order dismissing Plaintiff Richard Porch, III's *pro se* complaint and granting leave to file an amended complaint by September 12, 2019. (ECF No. 6.) The Court warned Porch that judgment would be entered if he failed to file an amended complaint by the specified deadline. (*Id.* at PageID 27.) On September 18, 2019, the Court extended the deadline to September 26, 2019. (ECF No. 8.)

Porch has not filed an amended complaint, and the time within which to do so has expired. Therefore, judgment will be entered in accordance with the August 22, 2019, order dismissing the complaint for failure to state a claim. Porch is assessed his first strike under 28 U.S.C. § 1915(g). This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Porch would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Porch nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA. Therefore, Porch is instructed that if he wishes to take advantage of the installment method for paying the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**                          
JAMES D. TODD
UNITED STATES DISTRICT JUDGE